# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51240
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 31, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT WILLIAM HAFLEY,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-61-1

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert William Hafley, federal prisoner # 65804-280, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon retroactive Amendment 782 to the Sentencing Guidelines. By seeking leave to proceed IFP, Hafley is challenging the district court's certification that his appeal is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51240

not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Hafley argues that the district court abused its discretion by denying his § 3582(c)(2) motion.  He contends that the district court's determination that he was a danger to society was an erroneous factual finding because he has no history of violence and because the Bureau of Prisons houses him in a minimum security prison camp.  According to Hafley, the district court's determination that the severity of the offense counseled against a sentence reduction was erroneous because it was a simple possession offense.  Hafley maintains that while his sentence is within the new guidelines range, it is at the top of that range, while it was at the bottom of the guidelines range when he was sentenced.

The district court's implicit ruling that Hafley was eligible for a sentence reduction and its finding that his original sentence was within his new guidelines range were correct.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); U.S.S.G. § 2D1.1(c)(6); U.S.S.G., Ch. 5, Pt. A.  The district court had before it Hafley's arguments in favor of a sentence reduction; the original and reduced guidelines ranges; the information provided by Hafley concerning his post-sentencing behavior in prison; and the information from Hafley's original sentencing, including his criminal history and the details of his offense.  It denied Hafley's motion as a matter of discretion, specifically citing the seriousness of the offense and implicitly invoking the 18 U.S.C. § 3553(a) sentencing factors of protection of the public and the nature and circumstances of the offense.  While the district court did not explicitly discuss the § 3553(a) factors in detail, the arguments were presented to the district court, and "although it did not discuss them, we can assume that it considered them." *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (internal quotation

2

No. 15-51240

marks and citation omitted). The district court was not required to give a detailed explanation of its decision to deny Hafley's motion. *See id.* at 674. Hafley was not entitled to a sentence reduction just because he was eligible for a sentence reduction. *See id.* at 673. Hafley has not shown that the denial of his § 3582(c)(2) motion was an abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Hafley's appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.